*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JG.

---

KRISTINA RUTKAUSKAS,

               Petitioner-Appellee,

v

JG,

               Respondent-Appellant.

UNPUBLISHED
January 14, 2026
10:24 AM

No. 375181
Kent Probate Court
LC No. 22-930892-MI

---

Before: CAMERON, P.J., and KOROBKIN and BAZZI, JJ.

PER CURIAM.

Respondent appeals as of right the probate court's initial order for mental-health treatment. She asserts the probate court erred when it failed to provide her with a foreign language interpreter. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent is a native Spanish speaker but also speaks English. Respondent has a history of mental-health proceedings, but there is no indication that respondent ever requested or used an interpreter at any point in these proceedings. The present case stems from a petition requesting involuntary mental-health treatment for respondent because she was suffering from paranoia and delusions.

At the hearing on the petition, respondent testified on her own behalf, in English. Respondent answered every question posed to her on both direct- and cross-examination. Her responses were appropriate and did not suggest any inability to understand the questions asked. The probate court found there was clear and convincing evidence that respondent required treatment under MCL 330.1401(1)(a) and (c) and committed her to combined hospitalization and assisted outpatient treatment. This appeal followed.

-1-

## II. STANDARD OF REVIEW

Because respondent did not raise the issue of having an interpreter during the proceedings below, this issue is not preserved for appellate review. See *In re MAT*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369255); slip op at 2-3. Accordingly, we review respondent's unpreserved argument for plain error affecting her substantial rights. *Id*. Under the plain-error standard, "a party must show that an error occurred, that it was clear or obvious, and that it caused prejudice, i.e., that the error affected the outcome of the proceedings." *Id*. at ___; slip op at 3 (quotation marks and citation omitted).

## III. ANALYSIS

Respondent argues that the probate court denied her right to a foreign language interpreter because it failed to determine whether she needed an interpreter. We disagree.

Foreign language interpreters play a critical role in "facilitating meaningful access to justice for those whose English skills are lacking." *In re Guardianship of DRRR*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 372523); slip op at 5. MCR 1.111 governs the appointment of foreign language interpreters. *Id*. at 4. Specifically, MCR 1.111(B) provides, in relevant part:

> (B) Appointment of a Foreign Language Interpreter.
>
> (1) If a person requests a foreign language interpreter and the court determines such services are necessary for the person to meaningfully participate in the case or court proceeding, or on the court's own determination that foreign language interpreter services are necessary for a person to meaningfully participate in the case or court proceeding, the court shall appoint a foreign language interpreter for that person if the person is a witness testifying in a civil or criminal case or court proceeding or is a party.
>
> * * *
>
> (3) In order to determine whether the services of a foreign language interpreter are necessary for a person to meaningfully participate under subrule (B)(1), the court shall rely upon a request by an LEP[1] individual (or a request made on behalf of an LEP individual) or prior notice in the record. If no such requests have been made, the court *may* conduct an examination of the person on the record to determine whether such services are necessary. [Emphasis added.]

---

[1] "LEP" is not defined by the statute, but the Supreme Court commentary to the rule's 2013 adoption defines "LEP" as "Limited English Proficiency[.]" MCR 1.111, Comments of Supreme Court to 2013 Adoption. See also *Merriam-Webster Collegiate Dictionary* (11th ed) (defining "LEP" as "limited English proficiency" or "limited English proficient.").

Respondent was subject to an identical mental-health proceeding in September 2023, during which she made no request for an interpreter. Thus, she was familiar with the complexity of the mental-health proceedings before the hearing in this case. On appeal, respondent concedes that neither she nor her counsel indicated a need for an interpreter at any point. Accordingly, the probate court had discretion to examine respondent "to determine whether such services [were] necessary." *Id*. But there is no indication that the probate court had any reason to suspect such services were necessary. Respondent's interactions with the probate court did not suggest that she lacked English proficiency. She testified and answered each question posed to her, clearly stated that she had never harmed anyone or herself, described her experiences with police, medical professionals, and the people who were allegedly stalking her and abusing her children, and stated her beliefs regarding the necessity of mental-health treatment—all in English. Therefore, there is no evidence that respondent was unable to meaningfully participate in the proceeding to the extent that the probate court should have appointed an interpreter.[2]

Affirmed.

/s/ Thomas C. Cameron
/s/ Daniel S. Korobkin
/s/ Mariam S. Bazzi

---

[2] Respondent also alleges that her counsel was ineffective because he failed to request an interpreter on her behalf and he never asked her if she wanted an interpreter. We decline to consider this argument because respondent waived it by failing to include it in her statement of questions presented. *English v Blue Cross Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004); see also MCR 7.212(C)(5). Respondent additionally claims that she did not knowingly or voluntarily waive her right to an interpreter, but the court rule only addresses waiver if the right has been "established under subrule (B)(1)[.]" MCR 1.111(C). Because no such right was established, respondent's waiver argument is meritless. *Id*.